## Commonwealth v. Volpe

*Wardell F. Steigerwalt, Assistant District Attorney,* and *George J. Joseph, District Attorney,* for Commonwealth.

*W. Hamlin Neely,* for defendant.

WIEAND, *J.*, September 18, 1974—This criminal action is before the court on yet another motion to dismiss because of the holding in Commonwealth v. Campana, 452 Pa. 233, as modified by an addendum opinion at 455 Pa. 622. The issue here is whether alleged offenses arising out of separate motor vehicle accidents, occurring approximately five minutes apart in different magisterial districts, were part of a single "criminal episode."

On September 1, 1973, at 10:44 a.m., police headquarters received a complaint that a parked vehicle had been damaged by a hit and run driver at Lumber and Allen Streets in the City of Allentown. A description of the offending vehicle, as given by the complainant, was broadcast via police radio, and Patrolman Richard Fenstermaker was dispatched to investigate the accident.

Officer James Shea was patrolling the downtown area of Allentown when he heard the description of the hit and run vehicle and began to look for it. At 10:49 a.m., he came upon an accident at Chew and Fountain Streets in the City of Allentown. There he found that a vehicle fitting the description of the one for which he was searching had rammed the rear of a truck owned by Eastern Light Company.

Seated behind the wheel of the offending vehicle was defendant, Marcia Volpe. Shea's observations of defendant caused him to conclude that she was under the influence of intoxicating liquor. He proceeded to the office of Magistrate Leonard Heydt, within whose district the second accident had occurred, and obtained a warrant for defendant's arrest. Armed with this warrant, he returned to the scene of the accident and placed defendant under arrest for operating a motor vehicle while under the influence of intoxicating liquor.

After the second accident, it was determined that Mrs. Volpe had been the driver of the vehicle which had struck the parked vehicle at Lumber and Allen Streets. Officer Fenstermaker thereupon filed a formal complaint before Magistrate Roland Downing, within whose district the first accident had occurred. A summons was issued charging Mrs. Volpe with the summary offense of failing to stop at the scene of an accident involving a parked vehicle, a violation of section 1027(d) of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §1027(d). After a summons had been issued and served upon defendant, she appeared at Magistrate Downing's office and paid the fine and costs involved in this summary offense. Whether Downing then knew that a misdemeanor charge was pending before another magistrate does not appear.

Thereafter, Magistrate Heydt bound defendant over for court on the charge of operating a motor vehicle while under the influence of intoxicating liquor, and the grand jury indicted. Through her counsel, defendant has now moved to quash that indictment and dismiss the criminal action because of the Campana decision and the provisions

of section 110 of the Crimes Code of December 6, 1972, P.L. 1068, 18 Pa. C.S.A. §110.

Because we conclude that the offenses with which defendant was charged did not arise from a single criminal episode, the instant prosecution is proper, and defendant's motion to dismiss must be denied.

"Episode" is defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series": Webster, Third New International Dictionary. See also: Commentary to §1.3(a) of the A.B.A. Standards Relating to Joinder and Severance; Commonwealth v. Campana, supra, at page 248. In the instant matter, the criminal charges arose from two entirely separate automobile accidents. If there is any analogy to be drawn between causes of action in civil and criminal cases, as was suggested by the opinion of Roberts, J., in Campana, the analogy would suggest that the accidents and the criminal charges arising from each should be tried separately. See Pa. R.C.P. 1044(a). The accidents were not a part of the same occurrence or series of occurrences. They were separate and unrelated and arose under entirely different circumstances. Trials pertaining to the separate accidents or the criminal charges arising therefrom would involve no common questions of fact.

If the issue of defendant's intoxication had not been present, it would be crystal clear that the two accidents were not parts of the same episode. Defendant contends, however, that if she was under the influence of intoxicating liquor at the time of the second accident, she must also have been under

the influence of alcohol when the first accident occurred. If both accidents were part of the same drunken spree, she argues, then the accidents and criminal offenses occurring during the time of that spree must have been part of a single criminal episode.

We reject this argument. In the first place, it assumes a fact not supported by any evidence presently before this court, i.e., that defendant was under the influence of intoxicating liquor at the time of the first accident and that both accidents, therefore, were parts of a drunken spree. More importantly, we reject the concept that the common thread of intoxication, if it exists, is sufficient to bind into a single episode entirely separate criminal offenses. The fallacy in defendant's argument becomes immediately apparent when one attempts to apply it to separate homicides, or separate robberies, committed at different times and different places but during the same period of intoxication. The common fact of intoxication, even if suggestive of concurrent sentences, does not make the separate crimes a single criminal episode.

Moreover, it has been recognized by the A.B.A. Standards, by the Campana decision and by the Pennsylvania Crimes Code that the rules pertaining to the joinder of criminal actions can have no application where the offenses are not within the jurisdiction of the same court. It is required by Pa. R. Crim. P. 21, that all criminal proceedings shall be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred. Although the rule is a venue rule and does not impose jurisdictional requirements, it is nevertheless significant for our purposes. The offenses with which this defendant was charged

were committed in different magisterial districts. Proceedings were instituted in the magisterial districts where the separate offenses occurred. Can a defendant under such circumstances plead guilty and pay a fine in the summary case and move for dismissal of a separate, more serious charge arising from an offense which occurred and was prosecuted in another magisterial district? We think not. Indeed, we believe any other result would be absurd.

## ORDER

Now, September 18, 1974, for reasons set forth in the foregoing opinion, it is ordered that defendant's motion to quash the indictment and dismiss the above captioned criminal action be and the same is hereby denied.