# In re: Juvenile "A"

*Roger Markley, Assistant District Attorney,* for Commonwealth.

*James A. Downey, Public Defender,* for respondent.

GARB, *J.*, March 31, 1975—This is a matter in the Juvenile Division of the Court of Common Pleas of this county wherein the juvenile has moved to dismiss the petition against him and originally asserted as grounds therefor the double jeopardy provisions of the United States and Pennsylvania Constitutions and also the application of Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973) and 455 Pa. 622, 314 A. 2d 854 (1974). The

matter has been argued before the court en banc and counsel for the juvenile has briefed and argued only his assertion arising from the effects of the two Campana decisions. Therefore, we assume that the juvenile's contention arising solely out of the double jeopardy provisions are abandoned, and he so concedes.

On June 24, 1974, the juvenile was apprehended by a police officer of the Township of Lower Southampton, Bucks County, Pa., operating a motor vehicle. As a result of that apprehension, on June 30, 1974, a petition was filed in Juvenile Court alleging that he had committed an act of delinquency arising from the alleged operation of a motor vehicle while under the influence of intoxicating liquor. Prior thereto three citations were issued by the district justice of the peace charging the juvenile with reckless driving, operating on a junior operator's license after midnight and failing to have his operator's license in his possession at a time when he was operating a motor vehicle. These charges arose out of the same occurrence from which the alleged act of delinquency contained in the petition before the juvenile court arose. The juvenile entered a plea of guilty to the three summary offenses contained in the three citations and paid the fine and costs therefrom on June 29, 1974. Therefore, he was effectively convicted of these three summary offenses before the district justice of the peace. It is the contention of the juvenile that by virtue of these convictions further proceedings against him before the juvenile court on the petition now before us arising out of the same occurrence are barred by the effect of the two Campana decisions.

The first Campana decision held essentially that

where more than one prosecution arises out of the same occurrence, activity or adventure, all should be heard and determined in the same tribunal even though some may be indictable and some summary offenses. Under those circumstances, it was held that the court of record may hear and determine all of the matters with which defendant is charged although they may not all, necessarily, be submitted to the jury. See Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973). It seems clear, from a reading of this decision alone, that the holding was based upon the double jeopardy provisions of the United States Constitution as those provisions had been construed by the United States Supreme Court in Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969); North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969); Waller v. Florida, 397 U.S. 387, 90 S. Ct. 1184, 25 L. Ed. 2d 435 (1970); Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970) and our Superior Court in Commonwealth v. DeVaughn, 221 Pa. Superior Ct. 410, allocatur refused 292 A. 2d 444 (1972).

A petition for certiorari was filed with the United States Supreme Court appealing from Commonwealth v. Campana, supra, which was granted on October 9, 1973. The Supreme Court of the United States vacated the Pennsylvania Supreme Court judgment and remanded the case to the Pennsylvania Supreme Court to consider whether the judgments were based on Federal or State grounds. See Pennsylvania v. Campana, 414 U.S. 808, 94 S. Ct. 73, 38 L. Ed. 2d 44 (1973). Thereafter, the Pennsylvania Supreme Court handed down a per curiam addendum opinion reaffirming the holding of Commonwealth v. Campana, supra, but declar-

ing that the holding was based upon the court's supervisory powers over State criminal proceedings rather than upon Federal double jeopardy standards. See Commonwealth v. Campana, 455 Pa. 622, 314 A. 2d 854 (1974). Therefore, although it is now clear that the compulsory joinder mandate is one which comes to us by virtue of the Supreme Court's supervisory and administrative authority under article 5, section 10 of the Pennsylvania Constitution, by virtue of the juxtaposition of the first with the second Campana opinion we conclude that the standards as enunciated in the first Campana opinion are those which trigger the effectuation of the doctrine therein espoused: Commonwealth v. John Doe, 26 Bucks 59 (1974).

Although the foregoing appears to be abundantly clear when applied to adult offenders, we believe that these standards impose a practical impossibility of application to a juvenile. By virtue of the terms of section 2 of the Juvenile Act of December 6, 1972, P.L. 1464 (No. 333), 11 PS §§50-101, et seq., it is provided that a child, as defined in the act, means an individual who is under the age of 18 years. A delinquent act is defined as one designated a crime under the law of this State or of another State if the act occurred in that State, or under Federal law, or under local ordinances. It is specifically provided that a delinquent act does not include summary offenses unless the child fails to pay a fine levied thereunder.

Section 11 of the act, 11 PS §50-308, providing the manner in which a child may be taken into custody and section 13, 11 PS §50-310, provides that, upon taking a child into custody, the person so doing, with all reasonable speed and without first taking the child anywhere else, shall notify the parent,

guardian or other custodian of the child of his apprehension and his whereabouts, release the child to his parent, guardian or other custodian upon their promise to bring the child before the court when requested by the court, unless his detention or shelter care is warranted, or bring the child before the court or deliver him to a detention or shelter care facility designated by the court, or to a medical facility if the child is believed to suffer from a serious physical condition or illness.[1] Court is defined in section 2 of the act, 11 PS §50-102, as a court of common pleas of the county.

A reading of these sections, together with the definition of a child and of a delinquent act as contained in section 2 of the act leads us to conclude that a district justice of the peace lacks any jurisdiction over a child who, it is alleged, committed an act of delinquency. By the same token, summary offenses are specifically excluded from the definition of delinquent act in section 2 of the Juvenile Act and therefore the juvenile court lacks jurisdiction over the juvenile for summary offenses. Therefore, we conclude that the relationship of the district justice of the peace and of the juvenile court is one of mutual exclusivity regarding alleged delinquent acts as opposed to alleged summary offenses. Therefore, we conclude that the mandates of the Campana decision cannot be applied to juveniles, because summary offenses cannot be tried before the same tribunal as can alleged acts of delinquency.

We do not believe that by virtue of the two Campana decisions the Supreme Court intended a result

---

1. The jurisdiction of the district justice of the peace is nowhere invoked.

contrary to that mandated by the Juvenile Act. To so conclude, we would have to decide that the Supreme Court intended an unconstitutional result, which is an assumption we cannot make. Under article 5, section 10 of the Constitution, the general supervisory and administrative authority over all courts in the Commonwealth is reposed with the Supreme Court, which authority can be discharged by virtue of decisional law or the promulgation of rules. However, the foregoing section of the Constitution provides that the Supreme Court shall have the power to prescribe general rules governing practice, procedure and conduct of all courts, justices of the peace and all officers serving process or enforcing orders, if such rules are consistent with the Constitution and neither abridge, enlarge or modify the substantive rights of any litigant, *nor effect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace.* The legislature, by enacting the Juvenile Act, has specifically prescribed the jurisdiction of district justices of the peace and of the juvenile court regarding juveniles. We do not believe and cannot accept that the Supreme Court acted in derogation of this constitutional provision in its Campana decisions. See Commonwealth v. John Doe, supra.

Even if section 110 of the Crimes Code of December 6, 1972, P.L. 1068 (No. 334), sec. 1, 18 Pa. C.S.A. §110, were applicable to juveniles, it would be of no aid to the juvenile herein. That section provides that although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances. (1) Where the former pros-

ecution resulted in an acquittal or in a conviction (i) and the subsequent prosecution is for any offense of which defendant could have been convicted in the first prosecution or (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial *and was within the jurisdiction of a single court* unless the court ordered a separate trial of the charge of such offense, or (iii) the subsequent prosecution is for the same conduct unless, however, (a) the offense of which defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil, or (b) the second offense was not consummated when the former trial began. Although the juvenile was previously convicted of the summary offenses arising out of the same occurrence giving rise to the petition now before us, he could not have been convicted of violating the delinquent act in the first prosecution for the summary offenses because the district justice of the peace lacked jurisdiction. By the same token, that lack of jurisdiction barred application of subsection (1) (iii) of section 110 because each requires proof of certain facts not required by the other, the offense of operating under the influence of intoxicating liquor requiring that defendant be under the influence which is not a requirement of any of the summary offenses for which the juvenile was convicted. The former prosecution was not terminated by an acquittal so that sub-section (2) of section 110 would not apply nor was the former prosecution improperly terminated under sub-section 3 of section 110.

We are satisfied that the result we reach herein does not militate against any rights to equal protection of the laws which the juvenile may have. Were he an adult, both the summary and the indictable offenses could be adjudicated by the court of common pleas in a criminal proceeding under the provisions of the two Campana decisions. As a juvenile, as previously indicated, there is no way that the offense of operating a motor vehicle while under the influence of intoxicating liquor and the summary offenses could be adjudicated by the same tribunal. To accept the juvenile's contention herein, we would reach the anomalous result whereby he can only be proceeded against in a juvenile court for operating while under the influence of intoxicating liquor or before the district justice of the peace for the summary offenses, but in neither jurisdiction for both. Therefore, accepting the juvenile's contention, the summary offenses and the offense of operating while under the influence of intoxicating liquor would be procedurally mutually exclusive and he could only be required to answer for one or the other. This result, rather than eventuating in some disadvantage to the juvenile as opposed to an adult offender results in a distinct advantage to him. We do not believe that the requirements of equal protection, as applicable herein, dictate or mandate such a result. The mandates of the Campana decisions are merely procedural and as now propounded do not impose a constitutional right in the juvenile. Therefore, his argument, if any, regarding equal protection of the laws, is without merit.

For the foregoing reasons, we are satisfied that the application to dismiss the petition in juvenile court must be denied and we thereby enter the following

## ORDER

And now, March 31, 1975, it is hereby ordered, directed and decreed that the application of the juvenile to dismiss the petition in juvenile court is denied, dismissed and overruled.