## Commonwealth v. Bodine

*James F. Marsh, District Attorney,* for Commonwealth.
*George Royle, IV,* for defendant.

WILLIAMS, *P. J.,* March 31, 1975—The stipulated facts show that defendant was charged with criminal trespass, a summary charge, and with theft, a misdemeanor charge. Both charges arose out of the same episode. Defendant entered a guilty plea to the summary charge. He was sentenced to pay a fine and paid it.

The issue is whether the conviction on the summary charge is a bar to a prosecution of a dismeanor charge, where both charges arise out of the same episode.

Section 110(1) of the Crimes Code of December 6, 1972 (no. 334) P.L. 1482, 18 Pa. C.S. §110(1), under the heading "When prosecution barred by former prosecution for different offense," provides:

(ii) "[A]ny offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . ."

The stipulated facts establish that the two offenses arose out of the same criminal episode and that the prosecutor was aware of that fact when the hearing on the summary charge commenced.

In Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), the Supreme Court held that all

offenses arising from the same facts should be disposed of in a single trial. The court further held that a defendant convicted of a summary offense and sentenced could not later be tried and convicted on a misdemeanor or felony charge under the double jeopardy provisions of the Pennsylvania and the United States Constitutions. The court further concluded that the consolidation of all charges into one trial best promotes justice, economy and convenience. Under Campana, it is clear that a district justice should not hear a summary offense when there is also charged a misdemeanor or felony arising out of the same criminal episode, but all charges should be heard and decided by the common pleas court.

In a second opinion, Commonwealth v. Campana, 455 Pa. 622, 626 (1974), the court stated:

"The result this Court reached in Campana is entirely in harmony with section 110 of our Crimes Code, which became effective shortly after our decision and is now in effect. 18 Pa. S. §110 (1973) (effective June 6, 1973). Section 110 bars in described circumstances subsequent state prosecutions for 'any offense based on the same conduct or arising from the same criminal episode. . . .' Id. at §110(1) (ii)."

It is clear from this statement that section 110 of the Crimes Code in no manner alters the holding in Campana, supra.

## ORDER

And now, March 31, 1975, application to quash indictment is granted and indictment quashed.