## Commonwealth v. Pounds

Before Salmon, *S.J.*, and Henderson, *P.J.*

*Howard C. Klebe*, for Commonwealth.
*James Keller*, for defendant.

SALMON, *S.J.*, *Specially Presiding*, February 15, 1979—About 1:00 a.m. on June 18, 1978, this defendant was operating an automobile eastwardly on Pennsylvania Highway Route 108 in Scott Township, Lawrence County. Defendant testified he had driven this road many times and was quite familiar with it. He arrived at the crest of a hill where the road makes a curve to the right and collided with a young man riding a motorcycle in the opposite direction. The cyclist was killed in the collision. Defendant was charged at no. 906 with homicide by vehicle, contrary to section 3732 of the

Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3732, in that he failed to yield one-half the highway, while he was under the influence of alcohol, and traveling at an excessive speed under the circumstances, contrary to sections 3302, 3731 and 3361. In the indictment at no. 906A, he was charged with operating a motor vehicle while under the influence of intoxicating liquor. The two indictments were consolidated for trial along with a citation for the summary offense of failing to yield one-half the highway contrary to section 3302 of the Vehicle Code. After the jury retired to deliberate, the court rendered a verdict of guilty of the summary offense. The jury returned a verdict of guilty of driving while intoxicated and reported to the court that they were hopelessly deadlocked as to the indictment charging homicide by vehicle.

In compliance with Pa.R.Crim.P. 1120, the verdict at no. 906A was received and recorded, and the jury was discharged from further consideration of the case.

The district attorney has listed the indictment at no. 906, charging homicide by vehicle, for retrial. Defendant has moved to quash the indictment, citing section 110 of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §110. Defendant's counsel has also cited verbally Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), and 455 Pa. 622, 314 A. 2d 854 (1974). See also Pennsylvania v. Campana, 414 U.S. 808, 94 S.Ct. 73 (1973). However, while citing Campana, defense counsel at the same time insists that the issue should be determined under section 110 of the Crimes Code of 1972 and without reference to the decided cases.

Our conclusion is opposite to that reached by defendant. We point out first that in Campana de-

fendant was acquitted of the summary offense of disorderly conduct. Subsequently, he was prosecuted on charges of resisting arrest and assault growing out of the same incident or episode, and was bound over to the grand jury and subsequently convicted. The case holds that the misdemeanor charges must be dismissed because all charges should have been brought in one proceeding and returned to the court to be tried together.

There is no Campana problem in the instant case. Here the charges were brought simultaneously and returned to court together. The misdemeanors were consolidated for trial and all charges, including the summary offense, were tried together.

The need for a second trial in the instant case results from compliance with Pa.R.Crim.P. 1120(e). Under the terms of that rule, this case may be tried again unless homicide by vehicle is determined to be a greater included offense of driving while intoxicated.

We now return, in accordance with defendant's suggestion, to section 110 of the Crimes Code which reads, in pertinent part, as follows:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for: . . . (iii) the same conduct, *unless:* (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted *each requires proof of a fact not required by the other* and

the law defining each of such offenses is intended to prevent a substantially different harm or evil . . . " (Emphasis supplied.)

It appears to us that proof of homicide by vehicle requires proof that the conduct of defendant was an effective cause of the death of the victim. This fact is clearly not necessary to proof of the charge of driving while intoxicated of which defendant has been convicted. Consequently, defendant's reliance upon section 110 is misplaced. The case may be tried again under Pa.R.Crim.P. 1120(e) if the Commonwealth so chooses.

The motion to quash the indictment will be denied.

## ORDER

And now, February 15, 1979, for the reasons stated in the foregoing memorandum opinion, defendant's motion to quash the indictment at no. 906 of 1978 is denied.