421 A.2d 808

**COMMONWEALTH of Pennsylvania**

v.

**Emory D. STINE, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1980.

Filed Aug. 22, 1980.

William H. Saye, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Dauphin County, by the defendant–appellant, Emory D. Stine, after his conviction on charges of (1) operating an unregistered vehicle upon a highway (*75 Pa.C.S.A. 1301*); (2) failure to carry and exhibit a driver's license upon demand by a policy officer (*75 Pa.C. S.A. 1511*) and (3) operation of a vehicle without an official certificate of inspection (*75 Pa.C.S.A. 4703*).

The defendant, an elderly farmer, was cited for operating an unlicensed and unregistered golf cart upon a public highway. At the time of his apprehension he did not have his operator's license with him and was requested to bring it to the police station. One half hour later the defendant went to the police station with his son. An argument ensued and defendant's son told the police that "He (the defendant) will not show anything". However, the defendant and his son had been directed to leave the police station by one of the officers.

The golf cart that the defendant was operating was being used to transport bales of hay. The defendant claims that it is exempt from inspection and licensing because it was

modified for farm use. The testimony revealed that the road on which it was being used was a dead end road, an expressway having bisected the road, and that defendant's farm was adjacent to the road. After the officer had testified the case was closed and the defendant did not present any witnesses nor testify himself. The defendant claims in his brief that he had received an opinion from the Department of Transportation of the Commonwealth of Pennsylvania, Bureau of Motor Vehicles that his vehicle qualified as one adapted for farm use. He claims that this opinion was supplied to the court below and the District Attorney. *75 Pa.C.S.A. 1302(b)* excepts "any implement of husbandry or trailer determined by the department to be used exclusively for agricultural operations and only incidentally operated upon highways "from the registration requirements of the Motor Vehicle Code. *75 Pa.C.S.A. 1302(b)(3)* provides a similar exemption for golf carts used while "engaged in the game of golf while crossing any public highway during any game of golf". The Commonwealth argues that the use of defendant's golf cart under these circumstances it not having been used by the defendant for playing golf, did not come within the scope of the farm vehicle exception [*1302(b)(2)*] nor the golf cart exception [*1302(b)(3)*]. Because *75 Pa.C.S.A. 1302(b)(2)* clearly provides for the Department of Transportation to make the determination as to whether defendant's vehicle qualified for the farm use exception we feel that defendant's letter from PennDot, though obtained subsequent to defendant's summary trial, would be relevant evidence in these proceedings. As such we are remanding all three cases (See *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974)) to the court below in order to give the defendant the opportunity to present his case before the court below, including the evidence of PennDot's position regarding his golf cart and any other evidence which would otherwise be admissible for the purpose of providing us with a record which is more complete.

454

Remanded to the court below for further proceedings consistent with this opinion.

CERCONE, President Judge, concurs in the result.