481 A.2d 670

**COMMONWEALTH of Pennsylvania**

v.

**James E. ZERPHY, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Sept. 7, 1984.

Petition for Allowance of Appeal Denied Feb. 6, 1985.

J. Richard Gray, Lancaster, for appellant.

John E. Feather, Jr., Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

This is an appeal from an Order denying Appellant's Motion to Quash the Information against him based on

§ 110 of the Crimes Code and the Double Jeopardy Clause of the Fifth Amendment, which applies to the states through the Fourteenth Amendment.

On August 11, 1982, an Order was entered under the Protection from Abuse Act, 35 Pa.C.S.A. § 10181 et seq., evicting Appellant from the home of Carol Dove and ordering him "... not to harass, abuse, strike, telephone or in any way have further contact with Carol N. Dove ..." The Order was effective for one year, commencing August 6, 1982.

On January 30, 1983, while Ms. Dove and Appellant were both in the Jonestown Perserverance Fire Club, Appellant allegedly struck Ms. Dove twice in the face with his fists. When Ms. Dove and her daughter returned to her home, they discovered Appellant waiting there with a rifle. Ms. Dove and her daughter then went to the Pennsylvania State Police and requested assistance. Two marked police cars, carrying Sergeant Sincavage and Troopers Pfautz, Sarley, Krankowski and Mitchel drove to the Dove residence, with Ms. Dove following. The officers stopped their cars about 100 yards from the house. Appellant fired a shot at the police vehicles, hitting the front grill of the patrol car occupied by Sergeant Sincavage and Trooper Mitchel. Appellant began to run as the officers got out of their vehicles. Upon being ordered to stop and drop the rifle, Appellant stopped, pointed the rifle at the officers, then layed the rifle on the ground and was placed under arrest.

On January 31, Ms. Dove filed a Petition to hold Appellant in Contempt for violating the Protection Order. The Contempt Petition recited the events beginning with the assault at the Fire Club and ending with the shooting incident involving the State Police.

That same day, criminal charges of attempted homicide, recklessly endangering another person, aggravated assault, disorderly conduct and criminal mischief were filed against Appellant for his conduct towards the four police officers and for damaging the patrol car.

On February 10, 1983, a hearing was held on the alleged violation of the Protection from Abuse Order. Appellant was found not guilty of indirect criminal contempt. Appellant subsequently filed a Motion to Quash the Criminal Information, alleging that he had already been tried and acquitted for the same conduct or same criminal episode. The motion was denied and this appeal followed.[1]

■ Appellant first argues that prosecution is barred by the compulsory joinder rule set forth in *Campana* I[2] and *Campana* II[3] and in § 110 of the Crimes Code.

In *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983), the Pennsylvania Supreme Court clarified that an alleged *Campana* rule violation is not a separate and distinct claim from an asserted § 110 violation. In *Campana*, the Court articulated the obligation to join charges arising from the same criminal episode. The compulsory joinder rule of *Campana* was not based on constitutional grounds, but rather on the Court's supervisory powers over criminal proceedings. *See Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). In § 110, the legislature provided a sanction where such joinder does not occur. *See Commonwealth v. Hude, supra*, 500 Pa. at 488, 458 A.2d at 180.

In *Commonwealth v. Allen*, 322 Pa.Super. 424, 469 A.2d 1063 (1983), this Court held that § 110 of the Crimes Code does not apply to indirect criminal contempt. Section 107 of the Crimes Code provides that the provisions of Part 1 of Title 18, including § 110, are applicable to offenses defined by that title or by any other statute. However, § 107(c) provides that section "does not affect the power of a court ... to punish for contempt". The Court in *Allen* further

---

1. Denial of a pretrial application for discharge on double jeopardy grounds is a "final order" and may be appealed before trial. *Commonwealth v. Fields*, 491 Pa. 609, 421 A.2d 1051 (1980).

2. *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973).

3. *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

noted that where the first proceeding is for indirect criminal contempt brought under the Protection from Abuse Act, a subsequent prosecution for the crimes which composed the contempt does not present the type of governmental harassment that the compulsory joinder rule of *Campana* was designed to prevent.

Having determined that Appellant is not entitled to relief under the statutory provisions of the Crimes Code, we will proceed to consider Appellant's double jeopardy claim.[4] *See Commonwealth v. Hude, supra,* 500 Pa. at 488, 458 A.2d at 180.

■ The Double Jeopardy Clause prohibits a second prosecution for the same offense after an acquittal. The test to be applied to determine whether there are two offenses or only one is whether each offense requires proof of a fact which the other does not. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

■ Using that test, the indirect criminal contempt charge clearly was a separate and distinct offense from the charges relating to the shooting incident. Although the fact that Appellant shot at the police cars was mentioned in the Contempt Petition, such conduct could not be the basis for the alleged contempt. The Protective Order only prohibited abusive conduct towards Ms. Dove. In order to find Appellant guilty of indirect criminal contempt, it would have to be proven that Appellant willfully disobeyed the Protective Order by harassing, abusing or striking, etc., Carol Dove. However, the facts relating to Appellant's conduct towards Ms. Dove are irrelevant to proving him guilty of attempted homicide, recklessly endangering, aggravated assault and disorderly conduct towards the four State Policemen and criminal mischief for damaging the patrol car. The only relation between the offenses is that the police went to the Dove residence in response to the alleged violation of the Protection Order. Therefore, prosecution of

4. It is undisputed that double jeopardy attaches to criminal contempt trials. *Cipolla v. Cipolla,* 264 Pa.Super. 53, 398 A.2d 1053 (1979).

the charges pending against Appellant is not barred by the prohibition against double jeopardy.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.