500 A.2d 84

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bruce CARSIA.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed Sept. 6, 1985.

Reargument Denied Nov. 7, 1985.

550

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

John R. Carroll, Philadelphia, for appellee.

Before BROSKY, ROWLEY and FEENEY, JJ.*

BROSKY, Judge:

This appeal is from the dismissal of the information against defendant. Appellant contends that this dismissal was in error. We agree and, accordingly, reverse.

The procedural history is as follows. This Commonwealth's Attorney General brought charges against appellee. On December 1, 1982, these were dismissed as being outside of the powers of the Attorney General to prosecute. On December 14, 1982, the West Mifflin police brought the same charges against appellee, which were prosecuted by the District Attorney. An appeal was then taken from the

* Honorable John M. Feeney, of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

dismissal of December 1, 1982, and was decided in *Commonwealth v. Carsia*, 341 Pa.Super. 232, 491 A.2d 237 (1985). A motion to dismiss the second set of charges was granted on June 10, 1983 and is the subject of the instant appeal.

■ The conceptual foundation of the second dismissal is to be found in *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974), as subsequently codified in 18 Pa.C.S. § 109. The trial court held, and appellee argues, that these provisions bar simultaneous prosecution for the same offense. While this is certainly a reasonable proposition, it does not apply here, even if it is a correct statement of the law. This is due to the fact that there were not two simultaneous prosecutions. The first prosecution had terminated, (on December 1st), before the second was commenced, (on December 14th). A prosecution is terminated by a final order in the trial court. See 18 Pa.C.S. § 109(2).[1]

■ Additionally, we note that 18 Pa.C.S. § 109(2) does not bar the second prosecution since the first dismissal was not a final judgment "which necessarily required a determination inconsistent with a fact or legal proposition that must be established for conviction of the offense." On the second set of charges the District Attorney of Allegheny County need not show that the Attorney General of Pennsylvania has the power to prosecute this case; therefore, the basis of the first dismissal cannot bar prosecution of the second, local case.

This case should, consequently, proceed to trial on the second set of charges instantly on appeal.

Order reversed.

1. "The former prosecution was terminated, after the indictment has been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or legal proposition that must be established for conviction of the offense."