J-E03008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FREDERICK HALL | |
| Appellant | No. 1669 EDA 2015 |

Appeal from the Order Entered May 22, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001083-2015

BEFORE:  BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J.,
STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED DECEMBER 12, 2017**

Appellant, Frederick Hall, appeals from the order entered May 22, 2015, denying his motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule.  **See** 18 Pa.C.S. § 110.  After careful review, we remand with instructions.

We derive the following statement of facts and procedural background of this case from the record.  In May 2014, Appellant was arrested in the City and County of Philadelphia.[1]  At that time, Appellant was charged with three counts of driving under the influence ("DUI"), and one count each of recklessly

_____

[1] Philadelphia is the First Judicial District of Pennsylvania.  42 Pa.C.S. § 901(a).

- 1 -

endangering another person ("REAP") and disorderly conduct.[2] Appellant was simultaneously charged with the summary traffic offenses of driving while operating privilege is suspended and reckless driving.[3] In July 2014, Appellant was found guilty *in absentia* of both traffic offenses in the Philadelphia Municipal Court Traffic Division. The remaining charges were listed in the Philadelphia Municipal Court General Division for disposition, and Appellant was found guilty of a single count of DUI. In February 2015, Appellant was sentenced to time served to twelve months of incarceration.[4] Appellant timely appealed the conviction pursuant to Pa.R.Crim.P. 1006, requesting a trial *de novo* before the Philadelphia Court of Common Pleas.

In the Court of Common Pleas, Appellant filed a motion to dismiss pursuant to 18 Pa.C.S. § 110, known as the compulsory joinder rule.[5]

_____

[2] **See** 75 Pa.C.S. § 3802(a)(1), (d)(2), (d)(3) (all graded as misdemeanors); 18 Pa.C.S. §§ 2705 (graded as a misdemeanor) and 5503 (graded as a summary), respectively.

[3] **See** 75 Pa.C.S. §§ 1543(a) and 3736(a), respectively.

[4] We note that the procedural history in the trial court opinion is not consistent with the record. However, the above recitation of facts accurately reflects the record. **See** Trial Court Opinion, 9/10/2015, at 2.

[5] This Court addressed the compulsory joinder rule in our recent decision, **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*). The **Perfetto** Court recognized, "[s]ection 110 is a codification of the rule announced by our Supreme Court in **Commonwealth v. Campana**, 304 A.2d 432 (Pa. 1973), *vacated and remanded*, 94 S. Ct. 73 (1973), *reinstated*, 314 A.2d 854 (Pa. 1974), *cert. denied*, 94 S. Ct. 3172 (1974). In **Campana**, our Supreme Court held that the Double Jeopardy Clause requires a prosecutor to

Following a hearing, the Honorable Vincent N. Melchiorre denied Appellant's motion to dismiss. However, no findings of fact or findings as to the frivolousness of the motion were entered on the record. Notes of Testimony (N.T.), 5/22/2015 at 3-8.

Appellant timely filed a notice of appeal. No 1925(b) statement was ordered. Nevertheless, in August 2015, the trial court filed an opinion explaining its decision. In June 2016, this Court issued a memorandum opinion reversing the trial court. Thereafter, the original panel assigned to this case *sua sponte* sought *en banc* certification of this matter, which was granted in August 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 [Pa.C.S.] § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense in the instant case?

Substituted Brief for Appellant, at 3.

As an initial matter, we must determine whether this Court has jurisdiction over the instant appeal. *Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015) (noting that issues of jurisdiction may be raised *sua sponte*).

_____

bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode." *Perfetto*, 169 A.3d at 1117 (most internal citations and quotations omitted).

- 3 -

Pennsylvania Rule of Criminal Procedure 587(B) governs motions to dismiss on double jeopardy grounds. Pa.R.Crim.P. 587(B). An order denying such a motion may be appealable as a collateral order.[6] An immediate appeal from the denial of a double jeopardy claim is allowable under the collateral order doctrine where the motion is found not to be frivolous. ***See Commonwealth v. Brady***, 508 A.2d 286, 289-91 (1986) (holding that absent a finding of frivolousness, an appeal may be taken from the denial of a motion to dismiss). In our recent decision, ***Commonwealth v. Diggs***, --- A.3d --- (Pa. Super. 2017), we held that Pa.R.Crim.P. 587(B) applies to motions to dismiss based on compulsory joinder "[a]s Section 110 embodies the same basic purposes as those underlying the double jeopardy clauses, [and] the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." ***Diggs***, --- A.3d ---, *5 (citing ***Commonwealth v. Bracalielly***, 658 A.2d 755, 759-60 (Pa. 1995)); ***see also*** Pa.R.A.P. 313(b). Accordingly, appellate jurisdiction exists only where a court determines that a motion to dismiss on compulsory joinder grounds is not frivolous and thereby qualifies as a collateral order. ***Diggs***, --- A.3d ---, *5-6; Pa.R.Crim.P. 587(B).

---

[6] "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

Here, our review of the transcript and record reveals that the trial court failed to comply with Rule 587(B), as it denied Appellant's motion to dismiss based on compulsory joinder without entering on the record a statement of findings of fact or a specific determination regarding whether Appellant's motion was frivolous. N.T., 5/22/2015 at 3-8; **see** Pa.R.Crim.P. 587(B)(3)-(4). Accordingly, this Court may not exercise jurisdiction over this appeal. In light of **Diggs**, we are constrained to remand this matter to the Court of Common Pleas for additional findings and with instructions to comply with Rule 587(B).

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2017