J-E03011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| EUGENE LAMONT DAVIS | |
| Appellant | No. 1440 EDA 2015 |

Appeal from the Order April 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009685-2014

BEFORE:  BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J.,
STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED DECEMBER 12, 2017**

Appellant, Eugene Lamont Davis, appeals from the order entered April 13, 2015, denying his motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule.  **See** 18 Pa.C.S. § 110.  After careful review, we remand with instructions.

We derive the following statement of facts and procedural background of this case from the trial court's opinion and the record.

> [In March 2014], Philadelphia[1] police officers [], in a marked patrol vehicle, observed [Appellant] driving a vehicle with tinted windows at a high rate of speed and disregarding a stop sign.  The officers attempted to stop [Appellant's] vehicle by operating their lights and sirens.  [Appellant] allegedly failed to pull over for several blocks.  During the pursuit, [Appellant] allegedly sped through two steady red lights and two additional

_____

[1] Philadelphia is the First Judicial District of Pennsylvania.  42 Pa.C.S. § 901(a).

- 1 -

stop signs, causing another vehicle to swerve out of the way. [Appellant] was arrested and was charged with driving under the influence [("DUI")] (75 Pa.C.S. § 3802) fleeing and eluding police (18 Pa.C.S. § 3733), and recklessly endangering another person [("REAP")] (18 Pa.C.S. § 2705). Appellant was also issued traffic citations under the [] Vehicle Code.[2]

[In May 2014], [Appellant] was found guilty *in absentia* on all four traffic offenses [] [in] the [Philadelphia] Municipal Court - Traffic Division. The DUI charge was listed in the [General] Division of the Municipal Court for disposition. A preliminary hearing was held[], and [Appellant] was bound over for trial [in the Court of Common Pleas] on all charges. [] [In February 2015, Appellant argued a motion to dismiss the remaining charges before the court, asserting that subsection (1)(ii) of 18 Pa.C.S. § 110, known as the compulsory joinder rule,[3] barred his subsequent prosecution. *See* Notes of Testimony (N.T.), 2/19/2015, at 4. Appellant argued that dismissal was appropriate because the multiple charges filed against him arose from the same criminal episode, occurred within the same judicial district, and the Commonwealth was aware of the charges when it prosecuted him for the summary offenses. *Id*. at 4-11.]

Trial Court Opinion, 8/19/2015, at 1-2 (unnecessary capitalization and some

footnotes omitted). Following submission of briefs and a hearing, the

---

[2] [Appellant] received [] citations for driving without a license [], reckless driving [], disregarding a red signal [], and illegal sunscreen []. [75 Pa.C.S. §§ 1501(a), 3736(a), 311(a)(3)(i), and 4524(e)(1), respectively.]

[3] This Court addressed the compulsory joinder rule in our recent decision, ***Commonwealth v. Perfetto***, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*). The ***Perfetto*** Court recognized, "[s]ection 110 is a codification of the rule announced by our Supreme Court in ***Commonwealth v. Campana***, 304 A.2d 432 (Pa. 1973), *vacated and remanded*, 94 S. Ct. 73 (1973), *reinstated*, 314 A.2d 854 (Pa. 1974), *cert. denied*, 94 S. Ct. 3172 (1974). In ***Campana***, our Supreme Court held that the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode." ***Perfetto***, 169 A.3d at 1117 (most internal citations and quotations omitted).

Honorable Vincent N. Melchiorre denied Appellant's motion to dismiss in April 2015. However, no findings of fact or findings as to the frivolousness of the motion were entered on the record. Notes of Testimony (N.T.), 4/13/2015 at 3-8.

Appellant timely filed a notice of appeal. No 1925(b) statement was ordered. Nevertheless, in August 2015, the trial court filed an opinion explaining its decision. In June 2016, this Court issued a memorandum opinion affirming the trial court. Appellant petitioned this Court for *en banc* reconsideration, which was granted in August 2016.

Appellant raises the following claim for our review:

1. Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 in that: (i) [Appellant] was found guilty in Philadelphia Municipal Court's Traffic Division on four traffic citations; (ii) the Traffic Division prosecutions were based upon the same criminal conduct and/or [a]rose from the same criminal episode as the instant criminal charges; (iii) the Commonwealth was aware of the instant charges before the commencement of the trial on the former charges; and, (iv) these instant charges occurred within the same judicial district as the former prosecutions in the Philadelphia Municipal Court's Traffic Division?

Substituted Brief for Appellant, at 3.

As an initial matter, we must determine whether this Court has jurisdiction over the instant appeal. **Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa. Super. 2015) (noting that issues of jurisdiction may be raised *sua sponte*).

- 3 -

Pennsylvania Rule of Criminal Procedure 587(B) governs motions to dismiss on double jeopardy grounds. Pa.R.Crim.P. 587(B). An order denying such a motion may be appealable as a collateral order.[4] An immediate appeal from the denial of a double jeopardy claim is allowable under the collateral order doctrine where the motion is found not to be frivolous. ***See Commonwealth v. Brady***, 508 A.2d 286, 289-91 (1986) (holding that absent a finding of frivolousness, an appeal may be taken from the denial of a motion to dismiss). In our recent decision, ***Commonwealth v. Diggs***, --- A.3d --- (Pa. Super. 2017), we held that Pa.R.Crim.P. 587(B) applies to motions to dismiss based on compulsory joinder "[a]s Section 110 embodies the same basic purposes as those underlying the double jeopardy clauses, [and] the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." ***Diggs***, --- A.3d ---, *5 (citing ***Commonwealth v. Bracalielly***, 658 A.2d 755, 759-60 (Pa. 1995)); ***see also*** Pa.R.A.P. 313(b). Accordingly, appellate jurisdiction exists only where a court determines that a motion to dismiss on compulsory joinder grounds is not frivolous and thereby qualifies as a collateral order. ***Diggs***, --- A.3d ---, *5-6; Pa.R.Crim.P. 587(B).

---

[4] "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

Here, our review of the transcript and record reveals that the trial court failed to comply with Rule 587(B), as it denied Appellant's motion to dismiss based on compulsory joinder without entering on the record a statement of findings of fact or a specific determination regarding whether Appellant's motion was frivolous. N.T., 4/13/2015 at 3-8; *see* Pa.R.Crim.P. 587(B)(3)-(4). Accordingly, this Court may not exercise jurisdiction over this appeal. In light of ***Diggs***, we are constrained to remand this matter to the Court of Common Pleas for additional findings and with instructions to comply with Rule 587(B).

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017