Ronald Townes, Anthony Roberson, Robert Hagwood, Kevin Gans, Ivory Woodbury and Robert B. Jones v. Lowell D. Hewitt, D. R. Erhard, T. W. Henry, W. W. Mateer, R. E. Hefright, R. E. Stotelmyer, B. K. Smith, G. Willison, R. Fortson and K. R. Hileman, Program Review Committee, State Correctional Institution at Huntingdon, Robert B Jones and Ivory Woodbury, Appellants.

Submitted on briefs to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Richard G. Fishman,* for appellants.

*Francis R. Filipi,* Deputy Attorney General, with him, *Allen C. Warshaw,* Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

Opinion by Judge Doyle, July 20, 1984:

This matter is before us on the appeal of Robert B. Jones and Ivory Woodbury (Appellants) from a final decree dismissing exceptions to a decree nisi entered by the Court of Common Pleas of Huntingdon

County which granted summary judgment in favor of the Appellees.

This action was commenced on January 22, 1979 by Appellants and other inmates[1] at the State Correctional Institution at Huntingdon (SCIH) against numerous correctional officers and civilian employees at SCIH[2] for violation of their constitutional rights under the fourteenth amendment to the United States Constitution, 42 U.S.C. §1983, state law and the State Constitution, arising out of administrative disciplinary action taken against them following a riot at the prison on December 3, 1978. The plaintiff inmates sought injunctive and declaratory relief as well as damages.

The action here paralleled one then pending in the federal courts which stemmed from the same incident and alleged virtually identical constitutional violations.[3] Per agreement of the parties, the court of common pleas stayed proceedings in the case at bar until the litigation in the federal courts had been resolved. Following a decision by the United States Supreme Court in the federal action, *Hewitt v. Helms*, 459 U.S. 460, (1983), the matter was briefed and argued before the court of common pleas and summary judgment in favor of the Defendants was entered. The court of common pleas found *Helms* to be dispositive of all the

---

[1] Ronald Townes, Anthony Roberson, Robert Hagwood, Kevin Gans, Ivory Woodbury and Robert B. Jones joined as plaintiffs in the action. Only Robert B. Jones and Ivory Woodbury are Appellants before this Court.

[2] Defendants were Lowell D. Hewitt, D. R. Erhard, T. W. Henry, W. W. Mateer, R. E. Hefright, R. E. Stotelmyer, B. K. Smith, G. Willison, R. Fortson and K. R. Hileman, as well as the Program Review Committee at SCIH.

[3] *See Helms v. Hewitt*, Civ. No. 79-950 (M.D. Pa. August 15, 1980), *rev'd* 655 F.2d 487 (3rd Cir. 1981), *rev'd, Hewitt v. Helms*, 459 U.S. 460, (1983).

issues raised by the inmates except those additional issues presented by Plaintiffs Jones and Woodbury. The court found Jones' and Woodbury's additional allegations to be unsupported by law. Timely exceptions were filed and were denied by the court. Appeal to this Court by Jones and Woodbury followed.

Before this Court, Appellants raise only those issues not controlled by *Helms*. They argue first that they received no written notice of the charge for which they were ultimately punished, in violation of their right to due process of law. Both were charged with "assaulting officers and conspiracy to disrupt normal institution routine by forcefully taking over the control center," offenses under the Bureau of Corrections' code of conduct. *See* 37 Pa. Code §§95.102a(13), 95.102a(16). Following administrative proceedings, however, both were found to have "disobeyed orders," a violation of 37 Pa. Code §95.102(18). The court of common pleas reasoned that the misconduct of disobeying orders constituted a lesser offense included in the charge of conspiracy to disrupt routine and seize the control center. The court stated:

It is obvious that in order to take over the control center, orders would have to be disobeyed. Indeed, taking over the control center itself can be viewed as disobedience to orders on an extremely broad scale. It is true that Plaintiffs were not actually found guilty of taking over the center. However, the notice given them was such that they could have and should have prepared to answer all aspects of the charge, including whether or not they were engaging in active disobedience with regard to the general disturbance at SCIH.

We are inclined to agree with the reasoning of the court of common pleas. In addition to the language

quoted earlier, the forms given both Appellants charging them with misconduct included the reporting staff member's version of the incident, which stated:

This inmate was a member of an organized plot and did actively involve himself with at least ten (10) other inmates in the assault upon at least five (5) corrections officers in "C" Block and attempted to break through the "C" Block entrance grill to the control center to disrupt the normal institution routine *by usurping the authority of institution officials.* (Emphasis added.)

Clearly this language, together with the general charge of conspiracy to disrupt and take over the control center, gave ample notice to the Appellants that they faced discipline for any misconduct connected with that activity, including disobedience of orders. Appellants' right to due process does not require prison officials to enumerate each specific violation of the code of conduct. *Wolff v. McDonnell,* 418 U.S. 539 (1974), is not to the contrary. *Wolff* held that oral notice to a prisoner of the disciplinary charges against him was insufficient and due process required written notice. But the Supreme Court was explicit that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. And the Court noted: "[T]he function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Id.* at 564. Here the written notice was quite adequate to allow Appellants to understand clearly the nature of the charges made against them and to afford them the opportunity to marshal the necessary facts to present a defense.

Woodbury argues additionally that he was exposed to double jeopardy in the disciplinary proceedings. In addition to the December 8, 1978 determination that he had disobeyed orders, prison officials, in a later proceeding, determined that he had also been guilty of assaulting an officer. At the first misconduct hearing, the hearing committee stated: "Woodbury is found guilty, NOT of assault, but of disobeying orders." Woodbury contends that this determination constituted an acquittal on charges of assault and barred any subsequent hearing or finding that he was guilty of assault. We do not agree. The initial finding is not a determination that Woodbury was *not guilty, i.e.* innocent, of assault but rather was an indication that the only determination being made at that time was that Woodbury had been guilty of disobeying orders. The record shows that the issue of Woodbury's guilt of assault was not considered, and the hearing committee was simply clarifying that any determination with regard to the assault charge was postponed pending further investigation.

Woodbury argues, however, that double jeopardy operates to bar the subsequent hearing because prison officials "cast their lot" with the evidence on hand at the first hearing.[4] While it is true that constitutional protection against double jeopardy requires a single trial of all charges arising out of a single criminal episode, *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, *vacated* 414 U.S. 808 (1973), *reinstated on remand* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969 (1974), even in the context of a criminal

---

[4] Woodbury also argues before this Court that hearsay evidence was improperly admitted in the second proceeding. No exception to the admission of the evidence was raised before the court of common pleas, however, and we will not consider the matter for the first time on appeal. Pa. R.A.P. 302(a).

prosecution, the constitutional protection against double jeopardy does not bar subsequent prosecution of offenses arising out of the same incident where the facts necessary to prove the second offense are not known at the time of the first prosecution. *See Commonwealth v. Waters,* 491 Pa. 85, 418 A.2d 312 (1980). In the context of a prison disciplinary proceeding, where constitutional protections are less extensive and must be balanced against institutional considerations, *Wolff,* it is not double jeopardy for prison officials to make initial determinations of guilt as to some charges of misconduct and delay action with regard to others until a thorough investigation is completed. Constitutional protections against double jeopardy do not require that a *single* administrative proceeding be held to consider *all* charges of misconduct at the same time.

Accordingly, we affirm.

### ORDER

Now, July 20, 1984, the order of the Court of Common Pleas of Huntingdon County in the above referenced matter, dated August 10, 1983, is hereby affirmed.