

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2008

# Gans v. Rozum

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gans v. Rozum" (2008). *2008 Decisions*. Paper 1476.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1476

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-126                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 07-3750

—————————

KEVIN GANS,
                                        Appellant,
v.

GERALD L. ROZUM, Superintendent;
DANIEL J. GEHLMANN, Major; SYLVIA GIBSON, D.S.C.S.;
STEVEN M. GATES, D.S.F.M.; ROBERT S. BITNER, C.H.E.;
SHARON BURKS, Chief Grievance Officer for the
Commonwealth of Pennsylvania Department of Corrections;
WILLIAM STICKMAN, Western Regional Deputy
of Pennsylvania State Prison

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00062J)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
and/or Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 7, 2008

Before:  AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed: March 4, 2008)

—————————

OPINION

—————————

PER CURIAM

Appellant Kevin Gans, a Pennsylvania state prisoner, filed an in forma pauperis civil rights action in United States District Court for the Western District of Pennsylvania, alleging that his placement in administrative custody for eleven years violated his First Amendment right of access to the courts, the Eighth Amendment's prohibition against cruel and unusual punishment, and his right to due process under the Fourteenth Amendment, among other claims. The lawsuit was filed in March 2006 after Gans was transferred to the State Correctional Institution at Somerset and placed in the Restricted Housing Unit. Eventually, he was transferred to administrative custody. Gans sought money damages, and injunctive and declaratory relief.

Gans was twice granted leave to amend his complaint. Discovery ensued, and, among other things, Gans received answers to his interrogatories. The defendant prison officials moved to dismiss the second amended complaint or in the alternative for summary judgment. Gans opposed the motion in writing and submitted over 90 exhibits, concerning primarily his grievance history. The Magistrate Judge filed a Report and Recommendation, and Gans submitted written Objections to it. In an order entered on August 31, 2007, the District Court granted the defendants' motion and adopted the Report and Recommendation as the Opinion of the Court. Gans appeals.

We will summarily affirm the order of the District Court granting the defendants' motion, because it clearly appears that no substantial question is presented by this appeal.

2

See Third Circuit LAR 27.4 and I.O.P. 10.6. We agree with the Magistrate Judge's

analysis of the First and Eighth Amendment and other claims.[1] With respect to the due

process claim, the Supreme Court has held that procedural due process protections apply

only when a prisoner's constitutional interests are implicated, Sandin v. Connor, 515 U.S.

472, 487 (1995), and the requisite constitutional interest is only demonstrated by an

"atypical and significant hardship ... in relation to the ordinary incidents of prison life."

Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).

As noted by the Magistrate Judge, we have previously held that eight years in

administrative custody, where, for example, an inmate is confined to his cell for 23 hours

each day, eats meals by himself, and is prohibited from participating in organizational

activities, is atypical. Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000). Accordingly,

applying Shoats, we hold that Gans, because of the length of time he has spent in

administrative custody, has a protected liberty interest and is entitled to procedural due

process. However, we conclude, as did the Magistrate Judge, that Gans has received the

---

[1] The Magistrate Judge reached the merits of Gans' allegations, concluding that there were disputed facts with respect to whether he had properly exhausted all of his administrative remedies, 42 U.S.C. § 1997e(a). We agree that reaching the merits was proper. Gans' access to the courts claim failed because he did not identify a non-frivolous claim which he was prevented from presenting, see Lewis v. Casey, 518 U.S. 343, 352-53 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002), his Eighth Amendment claim failed because his allegations of slow sick call, occasional cold cell, dusty ventilation, and companion-less exercise are not sufficiently serious, Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); Helling v. McKinney, 509 U.S. 25, 36 (1993), and his retaliation, equal protection, and state law claims do not provide a basis for relief, all for the reasons given by the Magistrate Judge.

3

process to which he is entitled. Gans is serving a life sentence for a murder committed in 1974. He was among those prisoners who rioted at the State Correctional Institution at Huntingdon, Pennsylvania in December 3, 1978. Townes v. Hewitt, 478 A.2d 548, 549 n.1 (Pa. Commw. Ct. 1984); Hewitt v. Helms, 459 U.S. 460, 463 (1983). Administrative custody in the Pennsylvania state prison system "is used to assure a safe and secure environment for all inmates and staff by separating those inmates whose presence in the general population constitutes a threat to themselves, others, or the safety and security of the institution, or who represent an escape risk." Shoats, 213 F.3d at 142. There is no limit to the amount of time an inmate may be housed in administrative custody, id.

It is undisputed that Gans' status was reviewed every ninety days by the Program Review Committee ("PRC"). On January 12, 2006, for example, the PRC recommended continued placement on administrative status "for safety and security reasons, given the serious misconduct history of this inmate. He has a history of assaultive and sexually predatory behavior, which would put staff and other inmates at risk, in the general population." (Exhibit 68, Plaintiff's Response in Opposition to Defendant's Motion.) The review indicated that Gans had been misconduct-free for only 86 days. Gans' April 6, 2006 review reflects the same rationale for continued placement in administrative custody. It notes that he had been misconduct-free for 170 days. The record thus reflects that Gans has received the process he is due. Shoats, 213 F.3d at 145-46.

Gans does not argue that prison authorities refused to consider favorable

information, or that they otherwise dealt with his case in a perfunctory manner. Id. at 146. Instead, he complained that he was being kept out of the general population on the basis of inaccurate information in his prison records. However, in answer to one of his interrogatories, the defendants wrote: "Plaintiff is housed in the RHU under AC status due to need for increased control. The plaintiff has received 58 misconducts serving approximately 1844 days, of which 165 days have been for assaultive behavior. Other charges include possession of weapons, inciting riot, implements of escape, indecent exposure." (Exhibit 15, Plaintiff's Response in Opposition to Defendant's Motion.) Gans offered nothing other than his bald allegation of false information to demonstrate that this information in his prison record is inaccurate.

As the Magistrate Judge pointed out, Gans may disagree with prison officials' subjective evaluation of his future dangerousness, but he must show that the periodic reviews he receives are constitutionally inadequate, and he had not done so. Moreover, he can "conceivably be held in administrative custody merely because his prior crimes reasonably foreshadow future misconduct." Shoats, 213 F.3d at 146. See also Hewitt, 459 U.S. at 474. Should his circumstances change, he remains free to present favorable information to the Program Review Committee.

We will summarily affirm the order of the District Court granting the defendants' motion to dismiss the second amended complaint or in the alternative for summary judgment. Appellant's motion for appointment of counsel on appeal is denied as moot.